UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUZMAN REYEROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANUEL TAJON,<br><br>　　　　Defendant. | Case No. 18-cv-01529-DMR (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANT MANUEL TAJON** |

　　This Order addresses issues regarding service in the above-captioned action. Service has been ineffective on Defendant Manuel Tajon, a psychologist assigned to the mental health department at Salinas Valley State Prison ("SVSP"). The court has been informed that Defendant "no longer works at SVSP" and that prison officials "are unable to get in contact with him." Dkt. 13.

　　As Plaintiff is proceeding *in forma pauperis*, he is responsible for providing the court with current addresses for any and all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, "a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a *pro se* litigation must "attempt to remedy any apparent defects of which [he] has knowledge." *Id*. Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within ninety days from the filing of the complaint, it may be dismissed without prejudice for failure of service. Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 90 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a

showing of "good cause"); *see also Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the court with a current address for Defendant. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of this Defendant.

If Plaintiff fails to provide the court with the current address of Defendant within the twenty-eight-day deadline, all claims against Defendant will be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated: October 30, 2018

DONNA M. RYU
United States Magistrate Judge