UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GUZMAN REYEROS,<br>    Plaintiff,<br>    v.<br>MANUEL TAJON,<br>    Defendant. | Case No. 18-cv-01529-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

    This federal civil rights action will be dismissed because plaintiff Reyeros has failed to comply with the Court's instructions to provide a current address for the sole defendant in this action, Manuel Tajon, or to show cause why the action should not be dismissed.

    On March 9, 2018, Reyeros filed a civil rights action under 42 U.S.C. § 1983 against Manuel Tajon, a psychologist once employed at Salinas Valley State Prison. On July 20, 2018, the Court issued an order of service. (Dkt. No. 9.)

    The service order was returned unserved because Tajon was no longer employed at Salinas Valley and could not be located by his former employer. (Dkt. No. 13.) The Court directed Reyeros to provide a current address for Tajon, in orders dated October 30, 2018 and February 7, 2019. (Dkt. Nos. 15 and 19.) In these orders, Reyeros was warned that if a complaint is not served within ninety days from the filing of the complaint, it may be dismissed without prejudice for failure of service. (Dkt. 15 at 1; Dkt. 19 at 2) (citing Fed.

R. Civ. P. 4(m)). He was also informed that

> he is responsible for providing the court with current addresses for any and all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990). While Plaintiff may rely on service by the United States Marshal, or in this case, the procedure for requesting a defendant to waive the service requirement, 'a plaintiff may not remain silent and do nothing to effectuate such service.' *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). When advised of a problem accomplishing service, a pro se litigant must 'attempt to remedy any apparent defects of which [he] has knowledge.' *Id.*

(Dkt. No. 19 at 1-2.)

In March 2019, the Court granted Reyeros's request for an extension of time and gave him until May 7, 2019 to provide a current address for Tajon. (Dkt. No. 21.) He was again warned that failure to respond by the new deadline would result in the dismissal of the suit.

Reyeros has not responded to the Court's order. Therefore, he has failed to show cause why this complaint should not be dismissed without prejudice pursuant to Rule 4(m). *See, e.g., Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Accordingly, the complaint is DISMISSED without prejudice pursuant to Rule 4(m).

The Clerk shall enter judgment in favor of defendant and close the file.

**IT IS SO ORDERED.**

**Dated:** July 12, 2019

WILLIAM H. ORRICK
United States District Judge